171    121
e223   ²451

# Frederick Elkins *v.* Pennsylvania R. R. Co., Appellant.

*Negligence—Railroads—Master and servant—Brakeman—Defective car —Duty of inspection.*

A railroad company is bound to make such inspection of cars turned over to it for transportation as the nature of the transportation requires, and if it pass and haul cars faulty in construction, or dangerously out of repair, it is answerable to its own employees who are thereby injured.

A railroad company is liable for an injury caused to a brakeman in its employ by its failure to inspect a defective car, although the car belonged to a private owner, and at the time of the accident was in the owner's yard, and its superintendent directed what cars should be shifted and where they should be placed.

Argued April 11, 1895.   Appeal, No. 200, Jan. T., 1895, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1892, No. 802, on verdict for plaintiff.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Trespass for personal injuries.

At the trial it appeared that on October 11, 1890, plaintiff was injured while engaged in shifting cars in the yard of the Atlantic Refining Company, at Point Breeze, Philadelphia. He was a brakeman in the employ of defendant, and was one of a crew sent to the refining company's yard to shift cars. The assistant superintendent of the refining company directed what cars should be shifted and where they should be placed. In the course of his work plaintiff set his foot upon an iron stirrup placed on freight cars to enable brakemen to mount the car.   The stirrup was out of repair, and under the pressure of plaintiff's foot the step flew from under him, and his foot fell upon the track and was run over by the wheel of the car.

The court charged in part as follows:

[If the defendant railroad company go on the premises of another person or corporation to draw or shift cars, their duty is to see that the cars used are in a proper condition to be used in the way that the work to be done requires.

If such work requires a brakeman to jump on the cars when in motion by means of the step alluded to in the evidence, then it was the duty of the railroad company to see that the

step was not a trap that would lure one to danger. This duty is not altered by reason of the company sending a locomotive and crew to the refining company's yard to do such shifting or moving of cars as the refining company's superintendent should direct.] [1]

Defendant's points were as follows:

2. If the jury believe that the car from which the plaintiff fell, and on which the step or stirrup is alleged to have been loose or otherwise defective, did not belong to the defendant, then under all the circumstances as they appear in evidence the defendant would not be responsible for the accident, and the verdict should be for it. *Answer:* Refused. [2]

3. It does not appear from the evidence in the cause that the defendant owed any duty to the plaintiff touching the repair of the car from which he fell, or in reference to keeping it in good order. This being the case the verdict should be for the defendant. *Answer:* Refused. [3]

4. Under all the evidence in the case the verdict must be for the defendant. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $5,500. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Geo. Tucker Bispham,* for appellant.—There is no presumption in this case of negligence on the part of the brakeman's employer by the mere happening of the accident: Erie & Wyoming Val. R. R. v. Smith, 125 Pa. 259.

It is unreasonable to require a railroad company to regularly inspect and repair the cars of other corporations at times when and in places where the cars are not under their control, for that would be requiring more than ordinary care: Mensch v. Pa. R. R., 150 Pa. 598; Rehm v. P. R. R. and W. L. Scott & Co., 164 Pa. 91; Anderson v. Oliver, 138 Pa. 156.

There was under the circumstances of this case no duty owed by the railroad company to this plaintiff which it failed to discharge: Trinity & Sabine Ry. v. Lane, 79 Tex. 643; Trask v. Old Colony R. R., 156 Mass. 298.

*A. S. L. Shields,* for appellee.—The company was bound to

inspect the cars which it handled: Patterson's Railway Accident Law, 309; Gottlieb v. N. Y., L. E. & W. R. R., 100 N. Y. 462; O'Neill v. R. R., 9 Fed. Rep. 337; Jetter v. R. R., 2 Abb. Ct. App. N. Y. 458; Jones v. R. R., 28 Hun., N. Y. 364; Miller v. N. Y. C. & H. R. R., 99 N. Y. 657; Goodrich v. N. Y. C. & H. R. R., 116 N. Y. 398; Gottlieb v. R. R., 1 Cent. Rep. (N. Y.) 728; Fay v. R. R., 15 N. W. Rep. 241; Bomar v. Louisiana N. & S. R., 8 South. Rep. 478; Johnson v. Chesapeake & O. Ry., 4 S. E. 432; 2 Railroad Corporation Law Jour. 257; Reynolds v. Boston & M. R. R., 24 Atl. 134.

It is apparent that the only negligence that the appellant could be convicted of was using a defective car anywhere in the course of its business without first inspecting and repairing. It was the giving to the appellee of a defective and dangerous appliance to use that creates the liability here.

OPINION BY MR. JUSTICE MCCOLLUM, October 7, 1895:

The plaintiff was injured while in the service of the defendant company as a brakeman. The injury he received was due to a defect in the step of a freight car on which he was attempting to get, in the performance of the duties of his employment. It is settled by the verdict that no fault of his contributed in producing it. The car belonged to and was in the yard of the Atlantic Refining Company. The plaintiff was one of a crew sent into the yard by the defendant company to shift some cars there. The superintendent of the refining company directed what cars should be shifted and where they should be placed.

It was while the crew were engaged in the work they were sent to do that the plaintiff received the injury for which he seeks compensation in this action. The cause of it has already been stated. If he had received it from the same cause while transporting the car from one point to another on the defendant company's road, the liability of his employer to compensate him for it could not be successfully questioned. In the recent case of Dooner v. Canal Co., 164 Pa. 17, this subject was fully considered in an opinion by our brother DEAN, who in the course of it said: " The measure of duty of the receiving road as to cars turned over to to it for transportation by connecting roads is settled by many cases. It is bound to make such inspection as the nature of the transportation requires, and if it

pass and haul cars faulty in construction or dangerously out of repair it is answerable to its own employees who are thereby injured; the many cases both in England and in this country which sustain in substance this proposition are cited in Patterson's Railway Accident Law, p. 309." If the defendant company is responsible to its employees for the condition of the cars it receives for transportation over its own lines, why is it not so for the condition of the cars it requires them to shift from one place to another on the tracks and in the yard of the refining company? They are as clearly in its service in the latter case as in the former; their work is of the same nature in one case as in the other, and the risks attending it are the same. No sufficient reason appears for discriminating between the liability of a railroad company for injuries to its employees in handling upon its own line the cars of another corporation which are "faulty in construction or dangerously out of repair" and its liability to them for injuries in handling such cars by its order elsewhere. It is not the ownership of the cars or of the line on which they are moved that imposes the liability upon the company, but it is the handling or shifting of them by its orders. The cases cited by the learned counsel for the defendant company do not, we think, sustain its contention. They differ materially in their facts from the case at bar.

The defendant company was not bound to shift the cars in the yard of the refining company without a previous inspection of them. If the latter refused to allow an inspection the former could have properly declined to engage in the work of shifting them. But having done the work it is responsible to its employees for injuries caused by the unsafe condition of the cars they were required to handle.

The specifications are overruled.

Judgment affirmed.